IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>**CARLOS MANUEL BORRERO-VÉLEZ,**<br>*Defendant*. | CRIM. NO. 16-791 (CCC) |

**PLEA AND FORFEITURE AGREEMENT
IN ACCORDANCE WITH RULE 11(c)(1)(A) & (B)**

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, **CARLOS MANUEL BORRERO-VÉLEZ,** and the defendant's attorney, AFPD Yasmin A. Irizarry, very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **CARLOS MANUEL BORRERO-VÉLEZ,** agrees to plead guilty to **COUNT FOUR** (Attempted Production of Child Pornography) of the Indictment and admit the **FORFEITURE ALLEGATION** pending against him. More specifically, **COUNT FOUR** of the Indictment that from in or about September 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **Carlos Manuel Borrero-Vélez**, the defendant herein, did attempt to employ, use, persuade, induce, entice, and coerce a 14-year-old male minor, identified as JRA, to engage in sexually explicit conduct, to include lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign

1

commerce by any means, including by computer. All in violation of Title 18, *United States Code*, Sections 2251(a) and (e).

2. **MAXIMUM PENALTIES**

The penalty for the offense charged in **COUNT FOUR** of the Indictment is a term of imprisonment of not less than fifteen (15) years nor more than thirty (30) years; a fine of not more than two hundred fifty thousand dollars ($250,000.00), *see*, Title 18, *United States Code*, Section 3571(b)(3), and a term of supervised release of any term of years not less than five (5), or life, in accordance with Title 18, <u>*United States Code*</u>, Section 3583(k).

3. **SPECIAL MONETARY ASSESSMENT**

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00) for each count in the Indictment for which he is pleading guilty, as required by Title 18, *United States Code*, Section 3013(a).

4. **FINES AND/OR RESTITUTION**

The Court may, pursuant to Section 5E1.2(I) of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

The Court is required to issue an Order of restitution in this case, pursuant to Title 18, *United States Code*, Sections 2259, 3663A, and 3664.

The defendant understands that any restitution calculation will be made by the U.S. Probation Office, with information provided by the Government, pursuant to Title 18, *United*

*States Code*, Sections 3664(a) and (d)(1). For purposes of this agreement, the defendant agrees to provide restitution for **both** known victims in the defendant's case, to wit, JCA and JRA.

5. **DOMESTIC TRAFFICKING VICTIMS' FUND SPECIAL ASSESSMENT**

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, *United States Code*, Section 3014, the Court shall access an amount of Five Thousand Dollars ($5,000.00) **per relevant count of conviction**, for a total of $5,000 in this case, on any non-indigent person or entity convicted of an offense under: a) chapter 77 (relating to peonage, slavery, and trafficking in persons); b) chapter 109A (relating to sexual abuse); c) chapter 110 (relating to sexual exploitation and other abuse of children); d) chapter 117 (relating to transportation for illegal sexual activity and related crimes; or, e) section 274 of the "Immigration and Nationality Act" (8 U.S.C. §1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## 7. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the United States Supreme Court decisions in *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

## 8. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree that the following Sentencing Guidelines calculations apply to the defendant's conduct with regard to **COUNT FOUR** of the Indictment:

| Sentencing Guidelines Calculations Table<br>COUNT 4: Attempted Production of Child Pornography<br>(Title 18, *United States Code*, Section 2251(a) and (e)) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Base Offense Level:** §2G2.1 (a) | | | | | | | | 32 |
| §2G2.1 (b)(1)(A) | If the offense involved a minor who had: (B) attained the age of twelve years but not attained the age of sixteen years, increase by 2 levels. | | | | | | | +2 |
| §2G2.1 (b)(6)(B)(ii) | or (B) the use of a computer or an interactive computer service to-- --or (ii) solicit participation with a minor in sexually explicit conduct, increase by 2 levels. | | | | | | | +2 |
| §4B1.5 Pattern of Conduct | (b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: | | | | | | | +5 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a) | | | | | | | -3 |
| **Sentencing Ranges Count 4** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level |
| | 38 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life | 360-life | 38 |

9. **SPECIFIC SENTENCE RECOMMENDATION**

After due considerations of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree to jointly recommend a sentence of 235 months, equal to the lower end of a TOL of 38, as to **COUNT FOUR**.



10. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek a sentence more lenient than the one detailed in the previous paragraph under any of the factors contained in Title 18, *United States Code*, Section 3553, as that the same is a reasonable sentence.

11. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

12. **DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States agrees to dismiss the remaining **COUNTS ONE, TWO** and **THREE**.

13. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with his legal counsel AFPD Yasmin A. Irizarry, and further indicates that Ms. Irizarry has rendered effective legal assistance.

## 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the rights of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

   d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

   e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.

15. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

16. **JURISDICTIONAL LIMITS OF PLEA AGREEMENT**

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

19. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if this Honorable Court accepts this Plea Agreement and imposes an imprisonment sentence of 235 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release

## 20. VOLUNTARINESS OF GUILTY PLEA

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

## 21. IMPACT UPON CONVICTION

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, *United States Code*, Section 2250 and Title 42, *United States Code*, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted sex offender, and related information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 1\23\18

_____
Marshal D. Morgan
Assistant U.S. Attorney
Deputy Chief, Crimes Against Children
and Human Trafficking Unit
Dated: 1/22/18

_____
Cristina Caraballo-Colón
Special Assistant United States Attorney
Crimes Against Children
And Human Trafficking Unit
Dated: January 22, 2018

_____
Carlos Manuel Borrero-Vélez
Defendant
Dated: 1/25/18

_____
AFPD Yasmin A. Irizarry
Counsel for Defendant
Dated: 1/25/18

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 1/25/18

**Carlos Manuel Borrero-Vélez,**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 1/25/18

**AFPD Yasmin A. Irizarry,**
Counsel for Defendant

9

## JOINT FACTUAL BASIS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. Had this case gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On September 27, 2016, the mother of a 14-year-old male minor (JRA) reported to the Puerto Rico Police Department (PRPD) Sex Crimes Unit, Ponce Region, that an adult male named Carlos Manuel BORRERO-Vélez and another adult named William Javier VEGA-Valentín were making sexually explicit approaches to her son. Both adults lived at the Aristides Chavier Public Housing Project in Ponce.

The matter was referred to HSI Ponce agents around October 17, 2016, and PRPD Sex Crimes agents took JRA's cellular phone, provided by his mother, to HSI Ponce for analysis.

During an interview with HSI Ponce agents on October 19, 2016, the minor's mother confirmed that JCA was 14 years old and in the ninth grade. She further explained that she had discovered sexually explicit messages on her son's cellular phone and that when she asked her son about the messages, the minor told her that those were from Carlos Manuel BORRERO-Vélez and William Javier VEGA-Valentín.

On November 18, 2016, HSI Ponce Agents executed federal search warrants at the residences of VEGA-Valentin and BORRERO-Vélez and arrested both individuals. As a result of the execution of said search warrants, HSI Ponce agents seized several electronic devices for detailed forensic analysis.

The evidence seized consisted of massive amounts of data contained in numerous devices. Within a 250GB Hard Drive seized from VEGA's apartment, agents found a Word document containing a log or list of 146 male-names, categorized and color-coded by "photos," "photos & videos," "other towns," "deceased," and "boyfriends," among others. BORRERO's name was in the list.

The digital forensic analysis of JRA's cellular phone revealed text conversations between BORRERO-Velez (using phone number XXX-XXX-7990) and JRA, which took place from September 11, 2016 through September 23, 2016.

In those messages, BORRERO-Velez requested that JRA take photos of himself naked and in boxer shorts. He also requested a close-up photo of JRA's penis. BORRERO-Velez told JRA that he wanted to perform oral sex on JRA and that he would give JRA whatever he wanted in exchange for the photos and for performing sex acts on the minor. In the messages, JRA refers to BORRERO-Velez as "Carlito."

Also, in JRA's cellular phone, HSI agents discovered other messages from BORRERO-Velez (but using phone number XXX-XXX-2292) which took place from September 24, 2016 through September 27, 2016. In those additional messages, BORRERO-Velez told JRA that he wanted to see him and wanted to perform sex acts on him. BORRERO-Velez instructed JRA to talk to him using sexually explicit expressions (oral and anal sex) ("dirty talk"). In those messages, JRA refers to BORRERO-Velez as "Carlito."

During the authorized interview with JRA, the minor confirmed to the agents that he has known BORRERO-Velez for approximately 5 years, and confirmed that the conversations found in his cellular phone from the phone numbers (XXX) XXX-7990 and (XXX) XXX-2292 were the conversations he had with BORRERO-Velez. The minor JRA further corroborated that on September 2016, BORRERO-Velez started to tell him that he wanted to perform oral sex on JRA and that he (the minor) could ask BORRERO-Velez for anything he wanted in exchange of oral sex, including money.

The minor JCA was also interviewed and identified himself in the three videos included in counts ONE-THREE.

The aforementioned communications between BORRERO-Vélez and JRA were produced using materials that had been mailed, shipped or transported in and affecting interstate and foreign commerce, including by computer, as alleged in COUNT FOUR of the indictment.

Had this matter gone to trial, the United Stated would have would have proven beyond a reasonable doubt that BORRERO-Velez is guilty of attempting to Produce Child Pornography as charged in Count FOUR of the Indictment through the presentation of witness testimonies, physical and documentary evidence, and the actual communications between BORRERO and the minor JRA.

---

**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Dated: January 22, 2018

**Carlos Manuel Borrero-Vélez**
Defendant
Dated: 1/25/18

**AFPD Yasmin A. Irizarry,**
Counsel for Defendant
Dated: 1/25/18